**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Silverio ALDUENDA–MEDINA,**
**Defendant—Appellant.**

**No. 05–50416.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2006.*

Decided June 15, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Shanna L. Dougherty, USSD-Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Michelle Betancourt, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM**

Silverio Alduenda–Medina appeals his conviction of possession of marijuana with intent to distribute in violation of 28 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 21 U.S.C. § 1291, and we affirm.

■ Alduenda–Medina first challenges his conviction by arguing that he was arrested without probable cause. A canine sniff alone can supply probable cause, so long as there is proof of "the dog's reliability." *United States v. Lingenfelter*, 997 F.2d 632, 639 (9th Cir.1993).

In this case, there was evidence that the canine was both "certified [and] reliable." *United States v. Cedano–Arellano*, 332 F.3d 568, 573 (9th Cir.2003). In addition to testimony from the law enforcement officer working with the canine, the district court was provided with a letter demonstrating that the canine was certified in detecting marijuana, and was also provided with several pages of information related to the training which resulted in the dog's certification.

■ Alduenda–Medina argues that he was entitled to further discovery related to the reliability of the canine. The United

courts of this circuit except as provided by 9th Cir. R. 36–3.

States needed to provide only "certification documents [and] the dog's training materials and records." *Cedano–Arellano*, 332 F.3d at 571. The United States provided Alduenda–Medina with a statement that Alduenda–Medina was certified, and also with a record of the dog's training, thereby satisfying its discovery obligations.

 Alduenda–Medina argues that his waiver of *Miranda* rights was not "voluntary, knowing and intelligent." *United States v. Younger*, 398 F.3d 1179, 1185 (9th Cir.2005). However, "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary,'" *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986), and Alduenda–Medina faced no such coercion. Alduenda–Medina was not aware that any law enforcement officer had his weapon drawn or readily available when Alduenda–Medina waived his *Miranda* rights.

Alduenda–Medina was also notified of his rights in his native Spanish language orally and in writing, in a process that took approximately twelve minutes so that law enforcement officials could answer questions Alduenda–Medina posed about his rights. After this process, Alduenda–Medina indicated that he understood each right orally and by signing a waiver form. *See United States v. Vallejo*, 237 F.3d 1008, 1014 (9th Cir.2001) (considering it highly relevant for waiver purposes that the defendant "confirmed his understanding orally and by signing his initials adjacent to each written right").

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.